IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JOHNSON,<br><br>    Petitioner,<br><br>  vs.<br><br>ROSEANNE CAMPBELL, Warden,<br><br>    Respondent. | No. C 04-5169 JSW (PR)<br><br>**ORDER GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Docket nos. 3, 4) |

      Petitioner, a prisoner of the State of California currently incarcerated at Mule Creek State Prison, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. Petitioner filed the instant petition on November 24, 2004 in the United States District Court for the Eastern District of California. The petition was transferred to this Court on December 7, 2004. On February 23, 2005, this Court issued an order to show cause why the petition should not be granted. On June 23, 2005, Respondent filed an answer to the petition and supporting memorandum (docket nos. 8, 9).

      On March 28, 2005, Petitioner filed an application to proceed *in forma pauperis,* using a form provided by the District Court for the Eastern District of California. On September 26, 2005, this Court issued a notice informing Petitioner that his *in forma pauperis* application was insufficient because he did not submit this Court's current application form, a Certificate of Funds in Prisoner's Account, or a copy of his prisoner trust account statement. However, based on the information provided by Petitioner in his March 28, 2005 application, the Court hereby GRANTS Petitioner's request to proceed *in forma pauperis* (docket no. 3).

On March 28, 2005, Petitioner also filed a request for appointment of counsel. The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Pursuant to 18 U.S.C. § 3006A(a)(2)(B), a district court is authorized to appoint counsel to represent a financially eligible habeas petitioner when "the court determines that the interests of justice so require." However, in this case, no evidentiary hearing appears necessary at this time, and the Court notes that Petitioner has presented his claims adequately in the petition. Accordingly, the interests of justice do not require appointment of counsel at this time, and Petitioner's request is DENIED without prejudice (docket no. 4).

Petitioner has not filed a traverse in this matter. Petitioner is granted an additional thirty (30) days from the date of this order by which he may file a traverse. After that date, the matter will be deemed submitted. The Court will review the merits of the petition in a separate written order.

IT IS SO ORDERED.

DATED: November 15, 2005

/s/ Jeffrey S. White

JEFFREY S. WHITE
United States District Judge